UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON-HASSAN JOHNSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-6-NCC |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by plaintiff Aaron-Hassan Johnson-Bey, a Missouri state prisoner who is incarcerated at the Northeast Correctional Center ("NECC"). For the reasons explained below, this action will be dismissed at this time, without prejudice.

**Background**

The following adjudicated state and federal actions are relevant to the case at bar. In *State of Missouri v. Johnson,* No. 09SL-CR10002-01 (21st Jud. Cir. 2009), plaintiff pleaded guilty on September 13, 2010 to First Degree Robbery, Armed Criminal Action, and First Degree Tampering with a Motor Vehicle. After he failed to appear for sentencing, a warrant was issued for his arrest. He was ultimately arrested and, on October 3, 2011, was sentenced to serve a total of 15 years' imprisonment. He unsuccessfully sought post-conviction relief in the Missouri State Courts. In *United States v. Johnson,* No. 4:11-cr-378-CEJ (E.D. Mo. 2011), plaintiff pleaded guilty on February 13, 2012 to Interference With Interstate Commerce By Threats or Violence, and Brandishing a Firearm in Furtherance of a Crime of Violence. On June 19, 2012, he was sentenced to serve 171 months in prison. Sentence was ordered to run consecutively to the sentence that was

imposed in *State of Missouri v. Johnson*, which plaintiff was serving in the Missouri Department of Corrections. He did not appeal.

On October 13, 2020, plaintiff initiated a civil action in this United States District Court by filing a document in which he demanded that Assistant United States Attorney Thomas Mehan (the prosecutor who represented the government in *United States v. Johnson*) prove to him that he had been lawfully prosecuted in that action. *See Johnson-Bey v. Mehan,* No. 4:20-cv-1479-SRW (E.D. Mo. 2020). The Court entered an order instructing plaintiff to file an amended complaint on the proper form, and to either pay the filing fee or move to proceed *in forma pauperis*. In response, plaintiff filed documents indicating his refusal to comply with the Court's order. On November 23, 2020, the Court dismissed the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court also noted that plaintiff's filings did not state a viable claim against Assistant United States Attorney Mehan, and that any claims premised upon his individual sovereignty were frivolous.

Plaintiff initiated the instant civil action by filing a pleading titled "Truth Affadavit [*sic*] in the Nature of Article 3 Section 2 Complaint." He indicated an intent to bring civil claims against the United States of America and the State of Missouri, and he paid the full filing fee required for the initiation of a civil case. He claimed the United States of America and the State of Missouri were liable to him because they violated his constitutional rights "in their completion" of *State of Missouri v. Johnson* and *United States v. Johnson.* Upon initial review, the Court determined the pleading was defective but instead of dismissing the action at that time, the Court gave plaintiff the opportunity to file an amended complaint. In so doing, the Court instructed plaintiff, among other things, that if he wished to challenge his state or federal judgments, or otherwise challenge the validity of his confinement or matters affecting its duration, he must file a habeas corpus action

2

pursuant to 28 U.S.C. § 2254 and/or 28 U.S.C. § 2255. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915A.

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the United States of America and the State of Missouri. It is obvious plaintiff seeks to challenge the federal and state criminal judgments cited above. He claims the United States of America and the State of Missouri are liable to him because they caused him to receive consecutive sentences, serve "a decade of prison time," and suffer a "very hard uphill path toward a remedy." He claims the United States of America and the State of Missouri injured his "reliance on the Full Faith and Credit of the United States of America and its legal tentacles operating under the Constitution for the United States of America and trust thereof . . . ." He also claims the United States of America wrongfully caused him to be indicted in federal court and held in custody. Plaintiff's allegations against the United States of America are as follows.

In September of 2011, the United States of America "completed a proffer" with him in order to "gain venue and officially charge" him, and was able "to arrive at a contractual agreement, in which the Defendant was/is the sole benefiting party." Plaintiff was injured because he received no benefit from his cooperation. From May of 2014 to December of 2015, the United States of America wrongfully held plaintiff in custody, and caused him to lose the chance to appeal a decision. Plaintiff neither identifies the decision he wished to appeal, nor explains how being held in custody affected his ability to appeal it.

Plaintiff's allegations against the State of Missouri are as follows. In September of 2011, Judge James Hartenbach (the Missouri State Court judge who presided over *State of Missouri v. Johnson*) suggested to plaintiff and his attorney that plaintiff's sentencing date would be continued.

Assistant Prosecuting Attorney Patrick Monahan (the prosecutor who represented the State in *State of Missouri v. Johnson*) was not advised, and plaintiff suffered "injury to the Plaintiff's ability to have a fair and just hearing." Before the October 3, 2011 sentencing hearing, persons plaintiff identifies as "agents" of the State of Missouri witnessed "a complete breakdown" between plaintiff and his attorney. Those "agents" failed to report it to the state court, which injured plaintiff's "ability to have a just and fair hearing" and "injured the Plaintiff's trust in Defendant STATE OF MISSOURI'S obligation to protect" his rights. Finally, Judge Hartenbach failed to consider plaintiff's claim against his attorney, and refused to let him hire new counsel.

As relief, plaintiff asks this Court to "interpret if the Defendants' actions were fair and just under the Law of Equity as mentioned in the Constitution for the United States of America," and "interpret the Constitutionality of the proffer procedure." He avers he wishes to "settle" with the United States of America and the State of Missouri, although he does not explain what he means by that.

## Legal Standard

Pursuant to 28 U.S.C. § 1915A(a), this Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, this Court shall dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

## Discussion

To the extent plaintiff challenges the validity of his confinement and/or seeks relief in the form of immediate or speedier release, this action is subject to dismissal. As this Court previously advised plaintiff, federal habeas corpus is the exclusive means by which to challenge the validity

4

of his confinement, or seek immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Additionally, both of the named defendants are immune from suit. "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotation omitted). *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (absent a waiver, sovereign immunity shields the United States Federal Government and its agencies from suit). To sue the United States, a plaintiff must show both waiver of sovereign immunity and grant of subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Here, plaintiff brings claims pursuant to 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States. However, § 1983 provides for relief against state actors, not the United States of America. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent plaintiff can be understood to bring claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *Bivens* and its progeny do not waive sovereign immunity for actions against the United States. *Laswell v. Brown,* 683 F.2d 261, 268 (8th Cir. 1982).

Plaintiff also references 28 U.S.C. § 1331, but "§ 1331 does not, in and of itself, create substantive rights in suits brought against the United States. Thus, if § 1331 is to be used to secure relief against the United States, it must be tied to some additional authority which waives the government's sovereign immunity." *Sabhari v. Reno*, 197 F.3d 938, 943 (8th Cir. 1999). Finally, because the amended complaint asserts no claims that would be cognizable in tort under the laws

of the State of Missouri, it cannot be construed as raising claims pursuant to the Federal Tort Claims Act. Plaintiff does not assert any other basis for his suit against the United States of America, and no such basis is apparent. The Court therefore concludes that the United States of America is immune from suit.

The State of Missouri is also immune from suit. The Eleventh Amendment has been held to confer immunity on an un-consenting state from federal lawsuits brought by its own citizens, or by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"), and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). There are two "well-established exceptions" to Eleventh Amendment immunity: Where Congress has statutorily abrogated such immunity by clear and unmistakable language, and where a state has waived its immunity and consented to suit in federal court. *Barnes v. State of Missouri*, 960 F.2d 63, 64-65 (8th Cir. 1992). Neither exception applies here. Plaintiff neither demonstrates Congressional abrogation of the State of Missouri's immunity, *see Quern v. Jordan,* 440 U.S. 332, 342-46 (1979) (§ 1983 does not abrogate a state's sovereign immunity) nor shows the State of Missouri has waived its immunity. The Court therefore concludes that the State of Missouri is immune from suit.

To the extent plaintiff can be understood to seek damages from any state or federal official pursuant to 42 U.S.C. § 1983 or *Bivens* based upon alleged wrongdoing in his state or federal criminal proceedings, the amended complaint fails to state a claim upon which relief may be granted. In *Heck v. Humphrey*, the Supreme Court addressed the issue of whether a state prisoner

could challenge the constitutionality of his criminal conviction in a suit under § 1983, and determined such an action would not be cognizable. 512 U.S at 483. In reaching its decision, the Court noted that a § 1983 action was an inappropriate vehicle for challenging criminal judgments. *Id*. at 486. The Court wrote:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 487-88.

Thus, when a state prisoner seeks damages pursuant to § 1983, the district court must consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*. *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). *Heck's* favorable termination rule applies to claims brought pursuant to *Bivens*. *See Gordon v. Hansen,* 168 F.3d  1109, 1113 (8th Cir. 1999).

In this case, plaintiff points to alleged wrongdoing during his state and federal criminal proceedings, and claims the United States of America and the State of Missouri caused him to receive consecutive sentences, serve "a decade of prison time," and suffer a "very hard uphill path toward a remedy." He asks this Court to determine whether his rights were violated during those

7

proceedings, and to help him "settle" with the defendants. Judgment in plaintiff's favor would necessarily imply the invalidity of plaintiff's state and federal convictions or sentences. Because plaintiff has not demonstrated that his state or federal convictions or sentences have been invalidated, any § 1983 or *Bivens* claims he can be understood to raise here are barred by *Heck.*

To the extent plaintiff can be understood to sue Judge Hartenbach for actions he took within the scope of serving as the presiding judge in *State of Missouri v. Johnson,* or to sue Assistant United States Attorney Mehan for actions he took within the scope of representing the State of Missouri in that action, they are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) (Judges are generally immune from suits for money damages), and *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process."). Finally, the amended complaint would not state a viable § 1983 access-to-courts claim because it fails to establish that plaintiff suffered an "actual injury" as defined in *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

Therefore, for all of the foregoing reasons, this action will be dismissed at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of September, 2021.